Filed 6/11/15  P. v. Garland CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062899 |
| v. | (Super.Ct.No. FVI1400843) |
| CHRISTOPHER C. GARLAND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## STATEMENT OF THE CASE

On March 6, 2014, a complaint charged defendant and appellant Christopher C. Garland with making criminal threats under Penal Code section 422.[1] The complaint also alleged a gang enhancement under section 186.22, subdivision (b)(1)(B) and a prior prison term under section 667.5, subdivision (b). On May 21, 2014, defendant pled no contest and admitted the gang allegation. Thereafter, the court sentenced defendant to three years in state prison based on the high term, and imposed and stayed the sentence for the gang enhancement. Pursuant to the terms of the plea agreement, the trial court dismissed the prior prison term allegation.

In December 2014, defendant filed a writ of habeas corpus seeking resentencing under Proposition 47. On December 15, 2014, the trial court deemed the writ as a petition for resentencing under section 1170.18. On January 16, 2015, the trial court found that defendant did not satisfy the criteria set forth in section 1170.18; therefore, he was ineligible for resentencing. On February 9, 2015, defendant filed a timely notice of appeal. On March 10, 2015, defendant filed another notice of appeal, challenging "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## II
## STATEMENT OF FACTS

The factual basis of the plea was based on defendant's criminal history, the charging document, and the discovery. According to the complaint, on September 8, 2013, defendant willfully and unlawfully threatened to commit a crime, which would result in death and great bodily injury to Kayla Gunter, with the specific intent that the statement be taken as a threat. The complaint also alleged that defendant committed the offense for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members.

## III
## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

MILLER

J.

4